[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-1862

CARLOS GARCIA,

Petitioner, Appellant,

v.

PAUL MURPHY, SUPERINTENDENT,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Torruella, Chief Judge,

Stahl and Lynch, Circuit Judges.

Carlos Garcia on Motion in Opposition to the Respondent's Motion to Dismiss, pro se.
Thomas F. Reilly, Attorney General, and Annette Benedetto, Assistant Attorney General, on brief for appellee.

August 31, 2000

**Per Curiam**. Petitioner-appellant Carlos Garcia appeals the denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Having carefully reviewed the record in this case, we uphold the district court's denial of habeas relief.

In order to obtain habeas relief in the instant case, Garcia must show that the adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). We discern no rule in the Supreme Court's Confrontation Clause jurisprudence which directly governs the alleged error in this case. Cruz v. New York, 481 U.S. 186 (1987), which prohibits the admission of a codefendant's confession in cases where the defendant's own confession is also admitted, is inapplicable since Garcia did not confess in the instant case. Richardson v. Marsh, 481 U.S. 200, 211 (1987) specifically addresses a situation in which a nontestifying codefendant's confession has been redacted to eliminate all reference to a defendant.

-2-

The statement admitted in this case contains specific references to Garcia.

Since there is no clearly established Supreme Court law to which the SJC's decision in this case can be "contrary," we must evaluate Garcia's petition under the "unreasonable application" clause of section 2254(d)(1). O'Brien v. Dubois, 145 F.3d 16, 26 (1st Cir. 1998). Specifically, we must determine whether the SJC decision is "objectively reasonable." Williams v. Taylor, 120 S.Ct. 1495, 1520-21 (2000). For the writ to issue in this case, the SJC decision must be "so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." O'Brien, 145 F.3d at 25.

The SJC relied on the general presumption endorsed by the Supreme Court that a Confrontation Clause violation is less likely to occur when, as in the instant case, the admitted statement does not expressly incriminate a defendant but becomes so only when linked with other trial evidence. Richardson, 481 U.S. at 208. Moreover, again in accord with Supreme Court doctrine, id. at 211, the SJC paid precise attention to the facts of the case and especially to the "clear and forceful" instructions given to the jury that

-3-

it was not to consider the statement against Garcia, Commonwealth v. James, 424 Mass. 770, 784, 678 N.E.2d 1170, 1180 (1997).  Nothing in this calculus leads us to believe that the SJC's conclusion that no constitutional violation occurred was "outside the universe of plausible, credible outcomes."  Hence, there was no unreasonable application of clearly established Supreme Court precedent.

Affirmed.